UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DURAMED PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WATSON LABORATORIES, INC., <br><br> Defendant. | 3:08-cv-0116-LRH-RAM <br><br> ORDER |

Before the court is plaintiff Duramed Pharmaceuticals, Inc.'s ("Duramed") motion to strike portions of defendant Watson Laboratories, Inc.'s ("Watson") motion for summary judgment (Doc. #335[1]). Doc. #350. Watson filed a response (Doc. #358) to which Duramed replied (Doc. #363).

**I.      Facts and Background**

Plaintiff Duramed is a pharmaceutical company that researches, patents, commercializes, markets, and distributes brand name pharmaceutical drugs. Watson is a pharmaceutical company that develops generic versions of name brand drugs for the market. Watson filed, and was approved for, a generic drug application with the FDA to make and market a generic equivalent to one of Duramed's products.

---

[1] Refers to the court's docket number.

On March 6, 2008, Duramed filed a patent infringement action against Watson. In its answer, Watson challenged the validity of Duramed's patent. Doc. #68. In response, Duramed moved for summary judgment on Watson's affirmative defense of patent invalidity. Doc. #175. The court granted Duramed's motion holding that its patent was not obvious. Doc. #214. Watson appealed (Doc. #219), and the Federal Circuit reversed this court's order (Doc. #229).

Subsequently, Watson filed a motion for summary judgment on the issue of obviousness. Doc. #335. In its motion, Watson relied on (1) deposition testimony from Dr. Lee P. Shulman ("Dr. Shulman"), an expert witness for Duramed in another patent infringement action filed in New Jersey, and (2) the factual findings of the Federal Circuit's order (Doc. #229). Thereafter, Duramed filed the present motion to strike. Doc. #350.

**II.     Discussion**

**A. Dr. Shulman**

In its motion for summary judgment, Watson cites to the deposition of Dr. Shulman, Duramed's expert in a separate New Jersey action, to support its contention that Duramed's patent is invalid as obvious. In response, Duramed argues that all references to Dr. Shulman's deposition testimony from the New Jersey action should be stricken because Dr. Shulman was not disclosed by either party as an expert witness in this action as required by Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure. *See* Doc. #350. The court agrees.

Federal Rule of Civil Procedure 37 states in pertinent part that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . ., unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Here, it is undisputed that Dr. Shulman was not identified as an expert witness by either party. Watson's only basis for allowing Dr. Shulman's deposition testimony is that he is Duramed's expert in another case. However, the disclosure of Dr. Shulman in that litigation does not negate the requirement that he be disclosed as an expert in this action.

Accordingly, the court shall grant Duramed's motion to strike Dr. Shulman's deposition. However, rather than strike individual lines from Watson's motion for summary judgment, the court shall simply disregard Dr. Shulman's deposition in considering Watson's motion.

### B. Federal Circuit Opinion

Duramed also argues that Watson is improperly relying on certain factual findings of the Federal Circuit in support of its motion for summary judgment. Duramed contends that the Federal Circuit's factual findings and opinions are inadmissible hearsay and should be stricken by the court. The court disagrees.

The Federal Circuit's opinion, including all legal conclusions, is binding upon this court. The court finds that the Federal Circuit's interpretation of the relevant prior art, and its conclusions about the teaching of that art, are legal conclusions by which this court must abide. Accordingly, the court shall deny Duramed's motion to strike as to the Federal Circuit's order.

### C. Exhibit Citations

Finally, Duramed argues that Watson makes improper, generalized citations to the record, rather than specific citations as required by the Local Rule 56-1. *See* Doc. #350. The court has reviewed Watson's citations and finds that they cite to the record with sufficient particularity for the court to find the relevant evidentiary support for Watson's arguments. Therefore, the court shall deny Duramed's motion as to this issue.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #350) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE