UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DURAMED PHARMACEUTICALS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> WATSON LABORATORIES, INC., <br><br>  Defendant. | 3:08-cv-0116-LRH-RAM <br><br> ORDER |

Before the court is plaintiff Duramed Pharmaceuticals, Inc.'s ("Duramed") request to stay the present action pending appeal of similar New Jersey litigation. Doc. #381.[1]

Plaintiff Duramed is a pharmaceutical company that researches, patents, commercializes, markets, and distributes brand name pharmaceutical drugs. On December 5, 2001, Duramed filed a patent application for a new extended contraceptive regimen to be marketed under the brand name Seasonique. On January 22, 2008, Duramed was issued U.S. Patent No. 7,320,969 ("the '969 patent") for the Seasonique regimen.

Defendant Watson is a pharmaceutical company that develops generic versions of name brand drugs for the market. Watson filed a new drug application with the FDA requesting approval to make and market a generic equivalent to Duramed's Seasonique product.

---

[1] Refers to the court's docket number.

1    Subsequently, on March 6, 2008, Duramed filed the instant action against Watson for
2  infringement of the '969 patent. In response, Watson asserted that claim 19 of the '969 patent was
3  invalid as obvious under 35 U.S.C. § 103.

4    During the pendency of this action, plaintiff Duramed filed a patent infringement action
5  against a different defendant in the District of New Jersey. *See Teva Women's Health, Inc. v. Lupin*
6  *Ltd., et al.,* Civil Action no. 10-603 (PGS). On June 29, 2012, after a full trial on the issue of
7  obviousness and patent invalidity, the New Jersey court entered a final judgment invalidating claim
8  19 of the '969 patent.[2]

9    Watson now moves for summary judgment based on the doctrine of collateral estoppel. *See*
10 Doc. #376. In opposition, Duramed requests the court stay the present action pending appeal of the
11 New Jersey judgment. Doc. #381.

12   Duramed has stated its intent to appeal the New Jersey judgment. A decision by the Federal
13 Circuit would have a direct impact on this litigation. Therefore, the court finds that the appropriate
14 action in this matter is to stay the action pending an appellate decision in the New Jersey litigation.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[2] A copy of the New Jersey judgment is attached as Exhibit 1 to Watson's renewed motion for summary judgment for collateral estoppel. *See* Doc. #376, Exhibit 1. A copy of the New Jersey court's findings of fact and conclusions of law is attached as Exhibit 2 to Watson's renewed motion. *See* Doc. #376, Exhibit 2.

1  IT IS THEREFORE ORDERED that plaintiff's request to stay (Doc. #381) is GRANTED. This action is STAYED during the pendency of the appeal of the New Jersey judgment.

IT IS FURTHER ORDERED that plaintiff shall inform the court upon completion of the appeal within ten (10) days of the issuance of the mandate resolving the appeal and file a copy of the appellate decision and mandate with the court.

IT IS FURTHER ORDERED that defendant's motion for summary judgment on the issue of obviousness (Doc. #335) and motion for summary judgment for collateral estoppel (Doc. #376) are DENIED without prejudice. The hearing on defendants' motions, currently scheduled for Thursday, August 9, 2012, at 1:30 p.m. is VACATED.

IT IS FURTHER ORDERED that the clerk of court shall administratively close this action until further order by the court.

IT IS SO ORDERED.

DATED this 25th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE